IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:10-cv-00687-REB-BNB

MARTIN C. GROSS, a Colorado citizen and
MILFORD S. PEPPER, a Colorado citizen,

    Plaintiff,

v.

ROBERT SILVERBERG, a Colorado citizen,
JOHN CORK, an Arizona citizen,
HAROLD KAY, a Florida citizen,
EDWARD FRANKEL, a Florida citizen,
DANA DEVENDORF, a Florida citizen,
DEVENDORF & ASSOCIATES, P.A., a Florida professional association,
JUPITER PARTNERS, LLC, a Florida limited liability corporation,
PALM BEACH FINANCE, LLC, a Florida limited liability corporation, and
CORONADO WEST, INC., an Arizona corporation,

    Defendants.

---

## PROTECTIVE ORDER

---

THIS MATTER having come before the Court upon the Stipulated Motion for Entry of a Protective Order, and the Court having been fully advised in the premises and finding good cause to protect the dissemination of confidential information or information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case, the Court GRANTS the Stipulated Motion.

The Court FURTHER ORDERS:

    1.    The parties hereto recognize that some of the information, documents and other things discoverable under the Federal Rules of Civil Procedure in this action may include trade secret or other confidential information that may be injurious if publicly disclosed.  Subject to and without waiving any of their objections, the parties shall produce such information, documents and other things, including the trade secret or other confidential information, upon

appropriate request, subject to this Protective Order.

2.      Each party or non-party to this action who produces or discloses any documents, things, interrogatory answers, deposition answers or transcripts, or information which the producing or disclosing party or non-party reasonably believes in good faith to comprise or contain trade secret or other confidential information, information that constitutes confidential arbitration documentation, or confidential research, development or commercial information, and which the producing or disclosing party or non-party desires to be subject to this Protective Order (hereinafter "Protected Subject Matter" or "Confidential Information"), may designate the same as "CONFIDENTIAL" on or before the date it is produced or disclosed.

3.      Documents and tangible things shall be designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."  With respect to deposition testimony, each party may designate portions of the deposition examination as "CONFIDENTIAL."  The transcript of the deposition will be prepared in a separate document which shall be clearly labeled "CONFIDENTIAL" and treated as "Protected Subject Matter" under the terms of this Order.  The identification of deposition testimony and exhibits as "CONFIDENTIAL" may be made orally on the record during the depositions or in writing within thirty days of receipt of the transcript of such depositions.

4.      No document or other thing shall be marked "CONFIDENTIAL" without prior consultation with counsel regarding the confidentiality of the matters or information contained therein.

5.      All Confidential Information subject to this Order by virtue of a claim that it is confidential shall be retained by the parties and their counsel for no use other than the purposes of this litigation and shall be kept confidential other than as specifically authorized below.

6.      Protected Subject Matter shall not, without the consent of the party producing it or further Order of the Court, be disclosed, except that such information may be disclosed to:

(a) attorneys actively working on this case;

(b) persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

(c) the parties, including Plaintiffs, Defendants, and designated representatives for the entity Defendants;

(d) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial, or other proceedings in this case;

(e) the Court and its employees;

(f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

(g) deponents, witnesses, or potential witnesses; and

(h) other persons by written agreement of the parties.

7. Prior to the disclosure of any Confidential Information to any of the persons in subparagraphs 6(d), 6(g), and 6(h), such persons and entities shall be furnished with a copy of this Order and shall agree in writing to be bound by this Order by signing the Acknowledgment attached hereto as Exhibit A.  Counsel for the party disclosing such Protected Subject Matter shall be responsible for maintaining the original signed Acknowledgement, and shall also maintain a list of all persons to whom such Protected Subject Matter is disclosed.

8. Upon final determination of this action, including appeals, all parties and persons to whom any Protected Subject Matter has been disclosed or provided shall return to the disclosing party or destroy all such Protected Subject Matter; provided, however, that this obligation shall not extend to any Protected Subject Matter embodied in materials protected by the attorney-client privilege or the work product doctrine.

9. If any party wishes to file a document with the Court that contains or discloses material designated as CONFIDENTIAL or Protected Subject Matter by the opposing party under the terms of the Protective Order, the filing party shall comply with D.C.COLO.LCivR 7.2~~, "Motions to Seal; Motions to Close Court Proceedings."~~

10. Neither the taking of any action in accordance with the provisions of this Protective Order nor the failure to object thereto, shall be construed as a waiver of any claim or defense in this action.  The entry of this Order shall not be

4

construed as a waiver of any right to redact information or object to the furnishing of information in response to discovery and, except as expressly provided, shall not relieve any party of the obligation of disclosing or producing information in the course of discovery.  In addition, the parties expressly acknowledge and agree that they do not waive any applicable privileges that may be asserted in this litigation by consenting to this form of Order.

11.	Any party that discloses or produces Protected Subject Matter which, through inadvertence, is not designated "CONFIDENTIAL" may subsequently make such designation in writing.  Such subsequent designation shall be made within a reasonable time after the inadvertence is detected by that party.  Upon the subsequent designation of Protected Subject Matter as "CONFIDENTIAL," the parties shall prospectively conform to the requirements of this Protective Order and shall use all reasonable efforts to retrieve copies of any Protected Subject Matter previously distributed to third parties.  However, there shall be no liability between or among the parties for the distribution to third parties of Protected Subject Matter prior to the time it is designated as "CONFIDENTIAL."

12.	This Protective Order shall not prevent any of the parties from applying to the Court for relief herefrom, or from applying to the Court for further or additional Protective Orders, or from agreeing between themselves to modification of this Protective Order, subject to the approval of the Court.

13.	This Protective Order shall not be deemed to waive any parties'

attorney-client privilege or the applicability of the work product doctrine.  If, in connection with this litigation, a party inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), the disclosure of the Inadvertently Disclosed Information shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection that the disclosing party would otherwise be entitled to assert with respect to the Inadvertently Disclosed Information and its subject matter.  If a claim of inadvertent disclosure is made by a disclosing party with respect to Inadvertently Disclosed Information, the receiving party shall, within five business days, return or destroy all copies of the Inadvertently Disclosed Information and provide a certification of counsel that all such Inadvertently Disclosed Information has been returned or destroyed.  The disclosing party retains the burden of establishing privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this paragraph shall limit the right of any party to petition the Court for an in camera review of the Inadvertently Disclosed Information.

   14. The parties and any other person subject to the terms of this Order agree that this Court shall have and shall retain jurisdiction over it and them for the purposes of enforcing this Order during and after the termination of this action.

   15. **A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party**

designating the disputed information.  The written notice shall identify the information to which the objection is made.  If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the court determine whether the disputed information should be subject to the terms of this Protective Order.  If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion.  If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order.  In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

~~Any party may at any time notify the other parties in writing of its objection to the designation of Confidential Information under the terms of this Order.  The parties shall first confer in a good faith attempt to resolve such dispute.  If such attempt fails to resolve the dispute, the party making the objection shall thereupon have the right to make a motion to the Court for a ruling terminating the designation.  Protected Subject Matter designated as "CONFIDENTIAL" shall retain such status until such time as the parties expressly agree~~

7

~~otherwise in writing or the Court determines otherwise.~~

Dated July 20, 2010.

                                                  BY THE COURT:

                                                  s/ Boyd N. Boland
                                                  United States Magistrate Judge

8

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:10-cv-00687-REB-BNB

MARTIN C. GROSS, a Colorado citizen and
MILFORD S. PEPPER, a Colorado citizen,

    Plaintiff,

v.

ROBERT SILVERBERG, a Colorado citizen, JOHN CORK,
An Arizona citizen, HAROLD KAY, a Florida citizen,
EDWARD FRANKEL, a Florida citizen, DANA DEVENDORF,
a Florida citizen, DEVENDORF & ASSOCIATES, P.A., a
Florida professional association, JUPITER PARTNERS,
LLC, a Florida limited liability corporation, PALM BEACH
FINANCE, LLC, a Florida limited liability corporation and
CORONADO WEST, INC. an Arizona corporation,

    Defendants.
_____

**ACKNOWLEDGMENT OF PROTECTIVE ORDER**
_____

    I, _____, hereby acknowledge receipt of a copy of the Protective Order and agrees to be bound by this Order with respect to any Protected Subject Matter or Confidential Information which the undersigned may receive.

    Dated this ___ day of _____, 2010.

By: _____

Its: _____

9