IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 10-cv-00687-REB-BNB

MARTIN C. GROSS, a Colorado citizen, and
MILFORD S. PEPPER, a Colorado citizen,

Plaintiffs,

v.

ROBERT SILVERBERG, a Colorado citizen,
JOHN CORK, an Arizona citizen,
HAROLD KAY, a Florida citizen,
EDWARD FRANKEL, a Florida citizen,
DANA DEVENDORF, a Florida citizen,
DEVENDORF & ASSOCIATES, P.A., a Florida professional association,
JUPITER PARTNERS, LLC, a Florida limited liability corporation,
JUPITER PARTNERS II, LLC, a Florida limited liability corporation,
PALMBEACH FINANCE, LLC, a Florida limited liability corporation, and
CORONADO WEST, INC., an Arizona corporation,

Defendants.
_____

**ORDER**
_____

This matter arises on the following:

(1) **Plaintiffs' Motion to Compel Discovery** [Doc. # 81, filed 10/5/2010]; and

**(2)    Plaintiffs' Supplement to Motion to Compel Discovery** [Doc. # 90, filed

10/8/2010 (collectively the "Motion to Compel").

I held a hearing on the Motion to Compel on October 21, 2010, and took the matter under

advisement. The Motion to Compel [Docs. # 81 and 90] is GRANTED IN PART and DENIED

IN PART.

The plaintiffs allege that defendants Robert Silverberg ("Silverberg"); Harold Kay ("Kay"); Edward Frankel ("Frankel"); Dana Devendorf ("Devendorf"); Devendorf & Associates, P.A. ("Devendorf & Associates"); Jupiter Partners, LLC ("Jupiter I"); Jupiter Partners II, LLC ("Jupiter II");[1] Palm Beach Finance, LLC ("Palm Beach"); and others "conspired with each other to fraudulently lure Plaintiffs and their assigns . . . into investing $1.3 million into highly speculative 'land banking' schemes. . . ." Scheduling Order [Doc. # 50] at p. 3. According to the Complaint [Doc. 1-5], in 2005 and 2006 the defendants promoted the sale of "land bank securities" to the plaintiffs and other investors. A land bank is a generic term for an entity that purchases land with the intent of either holding it or improving it before reselling it at a profit. The plaintiffs' investments in Jupiter and Palm Beach were pooled with the money of other investors. A "conspiring entity" would then pool the money from Jupiter and Palm Beach with other money to purchase and develop land in Florida, Nevada, and Arizona. Complaint [Doc. # 1-5] at ¶46. The plaintiffs allege that they were lured to invest by promises that their investments "would be documented by promissory notes, which would give Plaintiffs a security interest in real property." Id. at ¶64. The plaintiffs were told that "'they would be second to the bank,' implying that Plaintiffs['] . . . investments would be secured in second priority lien position behind the bank lenders." Id. at ¶66. The plaintiffs were issued promissory notes "in a form that made Plaintiffs . . . reasonably believe that their investments were secured by an interest in real estate." Id. at ¶67. These assurances and others are alleged to be false. Jupiter and Palm Beach have failed to repay the plaintiffs.

---

[1] Jupiter I and Jupiter II are referred to jointly and severally herein as "Jupiter," unless otherwise noted.

2

The plaintiffs allege that Jupiter I, Jupiter II, and Palm Beach are Florida limited liability corporations; Kay and Frankel are managing members of Jupiter; Devendorf is an officer of Devendorf & Associates, which is an accounting firm; and that Silverberg, Kay, Frankel, Devendorf, and Devendorf & Associates are "officers, agents, and/or employees of Jupiter." Id. at ¶38.

The Motion to Compel concerns discovery served on Jupiter I, Jupiter II, Palm Beach, Devendorf & Associates., Devendorf, Kay, and Frankel. The discovery was served on July 19, 2010. Jupiter I, Jupiter II, and Palm Beach responded jointly to the discovery requests [Doc. # 81-2 at pp. 2-14] (the "Jupiter Response"), and Palm Beach filed corrected answers [Doc. # 81-3] ("PB Corrected Response"); Devendorf & Associates responded separately [Doc. # 81-2 at pp. 15-25] ("Devendorf & Asso. Response"); Dana Devendorf responded separately [Doc. # 81-2 at pp. 26-35] ("Devendorf Response"); and Kay and Frankel responded jointly [Doc. # 81-2 at pp. 36-45] ("Kay and Frankel Response"). The plaintiffs move to compel with respect to all of the defendants.

**INTERROGATORY NO. 2:**

> Identify all Investments sold by you or your affiliates (other than to the Investors), or where you or your affiliates introduced buyer and seller, between 2002 and the present. For each such transaction, indicate [specified detailed information].

First Discovery Requests [Doc. # 81-1] at p. 4. "Investments" is defined to mean "any monetary transactions relating to the Projects, including those described in Plaintiffs' Complaint," and "Projects" is defined as "the land bank transactions described in Plaintiffs' Complaint. . . ." Id. at

p. 3. The plaintiffs move to compel further responses to Interrogatory No. 2, arguing that the defendants' responses are incomplete and evasive.

>**Jupiters Response and PB Corrected Response:** "The Corporate Defendants have not sold any equity, security or other Investment position related to the Projects."

Jupiter and Palm Beach emphasize that the interrogatory concerns only purchases and sales and no other kind of investment. In particular, the language of the interrogatory excludes loans. Jupiter and Palm Beach further urge that they have fully responded with respect to purchases and sales. I agree.

The Complaint alleges that Jupiter and Palm Beach pooled the plaintiffs' money "with money from other investors." Complaint [Doc. # 1-5] at ¶45. Consequently, assuming the truth of that allegation, there would be other "monetary transactions relating to" the "land bank transactions described in [the] Complaint." Jupiter and PB's responses to Interrogatory No. 2 are limited to sales, however, because the interrogatory seeks information only about sales or transactions where Jupiter or Palm Beach introduced buyers and sellers. Interrogatory No. 2 does not inquire about loan transactions. Consequently, the answers are complete and unequivocal. They may not be the responses the plaintiffs anticipated, and the plaintiffs may not believe the responses are true. Those are matters to be taken up through evidence at trial, however, and form no basis for an order compelling discovery.

>**Devendorf Asso. Response:** "None, we are the accounting firm."
>
>**Devendorf Response:** "None, I am an accountant with the accounting firm."
>
>**Kay and Frankel Response:** "None."

These answers are complete and unequivocal.  They may not be the responses the plaintiffs anticipated, and the plaintiffs may not believe the responses are true.  Those are matters to be taken up through evidence at trial, however, and form no basis for an order compelling discovery.

**INTERROGATORY NO. 3:**

> Identify all investigation you undertook to verify that the representations you made concerning the Projects and Investments were accurate and that the Investments that you sold, recommended, or introduced to the Investors were suitable therefor.

"Investors" is defined to mean "Martin Gross, Milford Pepper, Jeffrey Kleiner, Bernard Naiman, Ladera Investors LLC, Charles Eisen, Brin Holdings LLP, and Allan Kris."

**Jupiters Response and PB Corrected Response:**  "We made no representations.  We retained legal and accounting professionals to represent us in the transactions related to the Project."

These answers are complete and unequivocal.  They may not be the responses the plaintiffs anticipated, and the plaintiffs may not believe the responses are true.  Those are matters to be taken up through evidence at trial, however, and form no basis for an order compelling discovery.

**Devendorf Asso. Response:**

> Objection as we are the accountants for Jupiter Partners and Palm Beach Finance and subject to the accounting privilege.  Without waiving this objection, we made no representations and sold nothing.  Moreover, these requests are outside the claims and used to harass our other business contacts, if this interrogatory is read to seek out communications with our clients or its contacts, which are not Plaintiffs.

**Devendorf Response:**

> I am not personally involved and I am simply an accountant with Devendorf & Associates, PA, who is the firm for Jupiter Partners and Palm Beach Finance related to Plaintiffs. I incorporate the responses of my firm to the same discovery.

Notwithstanding the objections, Devendorf & Associates and Ms. Devendorf state that they "made no representations. . . ." These are full and unequivocal responses, leaving nothing to be compelled.

**Kay and Frankel Response:** "No investigations and no representations."

This is a full and unequivocal response. It may not be the response the plaintiffs anticipated, and the plaintiffs may not believe the response is true. Those are matters to be taken up through evidence at trial, however, and form no basis for an order compelling discovery.

**INTERROGATORY NO. 4:**

> Identify all persons and entities that invested in, funded, or loaned money to you in relation to any of the Projects and state the amount of their Investment, funding commitment, or loan.

**Jupiters Response:**

> Objection. This interrogatory is overbroad, outside the scope, harassing and irrelevant. Without waiving any objection, no one invested in Jupiter Partners or Palm Beach Finance, who may have loaned monies to Jupiter Partners or Palm Beach Finance is outside Plaintiffs' claims. These matters are outside the scope of the relevant on involve the private information of third non-parties, who are wholly unrelated to the Plaintiffs.

**PB Corrected Response:**

> Objection. This interrogatory is overbroad, outside the scope, harassing and irrelevant. Without waiving any objection, no third parties invested in Palm Beach Finance, who may have loaned monies to Palm Beach Finance is outside Plaintiffs' claims. These matters are outside the scope of the relevant on involve the private

6

> information of third non-parties, who are wholly unrelated to the Plaintiffs.

These responses appear to be incomplete and evasive. The Complaint alleges that the Jupiter defendants pooled the plaintiffs' money "with money from other investors." Complaint [Doc. # 1-5] at ¶45. If that is so, there would be other "monetary transactions relating to" the "land bank transactions described in [the] Complaint," including potentially persons or entities that loaned money to Jupiter and Palm Beach. To answer the interrogatory completely, Jupiter and Palm Beach must identify all persons and entities that invested in, funded, or loaned money to them in connection with any of the Projects, including the amount involved. Contrary to the objections, the identity of others who invested in or loaned money to Jupiter and/or Palm Beach in connection with the Projects is relevant to matters at issue or may lead to the discovery of admissible evidence including particularly, but not limited to, any representations or promises that were made to those third parties. The interrogatory is not overbroad or harassing. To the extent that the information may be deemed private or confidential, although I do not believe that it is, it may be disclosed pursuant to the Protective Order [Doc. # 62] in place in this case.

**Devendorf & Asso. Response:**   "None."

**Devendorf Response:**   "None."

**Kay and Frankel Response:**   "None."

These are full and unequivocal responses, leaving nothing to be compelled.

**INTERROGATORY NO. 5:**

> Identify all persons and entities that received any funds from any Investments sold by you or your affiliates or where you introduced buyer and seller, and state the amount that each such person received.

**Jupiter Response and PB Corrected Response:** "We did not sell any Investments."

Similarly to Interrogatory No. 2, Jupiter and Palm Beach have limited their answers to sales because the interrogatory is limited to sales or transactions involving buyers and sellers. Interrogatory No. 5 does not inquire about loan transactions. Consequently, the answers are complete and unequivocal. They may not be the responses the plaintiffs anticipated, and the plaintiffs may not believe the responses are true. Those are matters to be taken up through evidence at trial, however, and form no basis for an order compelling discovery.

**Devendorf & Asso. Response:** "None."

**Devendorf Response:** "None."

**Kay and Frankel Response:** "I did not sell anything, did not receive any compensation related to the Plaintiffs and do not know anyone that is responsive to your interrogatory."

These are full and unequivocal responses. They may not be the responses the plaintiffs anticipated, and the plaintiffs may not believe the responses are true. Those are matters to be taken up through evidence at trial, however, and form no basis for an order compelling discovery.

**INTERROGATORY NO. 6:**

>Identify all entities in which you invested, loaned funds to, or otherwise funded pursuant to contractual agreement or otherwise in relation to the Projects or Investments.

**Jupiters Response and PB Corrected Response:** "See responsive documents."

Although a party may respond to an interrogatory by referring to documents containing the responsive information, Fed. R. Civ. P. 33(d) requires:

>**(d) Option to Produce Business Records.** If the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records (including electronically stored information), and if the burden of deriving or ascertaining the answer will be substantially to same for either party, the responding party may answer by:
>
>**(1)** specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could. . . .

Jupiter and Palm Beach have failed either to specify the responsive records with sufficient detail to allow the plaintiffs readily to identify them or to show that the burden on the plaintiffs of deriving an answer from the business records is no greater than the burden on Jupiter and Palm Beach. Consequently, Jupiter and Palm Beach's invocation of Rule 33(d) is improper, and the Motion to Compel is granted to require Jupiter and Palm Beach to answer Interrogatory No. 6.

**Devendorf & Asso. Response:** "See response # 4 [None]. Moreover, we made no Investment or loans related to any Project."

**Devendorf Response:** "See response # 4 [None]. Moreover, I made no Investment or loans related to any Project."

9

Devendorf & Associates and Ms. Devendorf have answered with an unequivocal "none." These may not be the responses the plaintiffs anticipated, and the plaintiffs may not believe the responses are true. Those are matters to be taken up through evidence at trial, however, and form no basis for an order compelling discovery.

**Kay and Frankel Response:**

> Objection this interrogatory is overbroad, outside the scope, harassing and irrelevant. My personal finances and transactions are unrelated to Plaintiffs' claims and could be used to harass me. Plaintiff claims their monies and securities, and I consider the monies a loan and my loan position in the Projects is not related to their claims, and it is personal finances that should not be forced by me to reveal. Without waiving this objection, I did not receive any interest payments and lost my principal in the Projects that I loaned money that are related to Plaintiffs.

The objection is overruled. The Complaint alleges that Kay and Frankel lured the plaintiffs into investing or lending by representing that Kay and Frankel had themselves invested in or loaned money to the Projects. Complaint [Doc. # 1-5] at ¶¶54 and 61. Consequently, whether Kay and Frankel invested or made loans and the details of those transactions are directly relevant to matters at issue. The inquiry is neither overbroad nor harassing. I disagree, in view of the allegations of the Complaint, that transactions involving Kay or Frankel in the Projects are either private or confidential, but those concerns may be addressed by responding to the interrogatory subject to the Protective Order [Doc. # 62] that is in place in the case.

Kay and Frankel's response that they did not receive interest payments and that they lost their principal investment is not responsive to the interrogatory, which seeks the identification of Kay and Frankel's investments or loans related to the Projects or Investments.

**INTERROGATORY NO. 8:**

>Identify and describe all land bank transactions in which you have participated during 2002 through present and state whether those transactions were completed such that all investors received the full amount of their Investments in accordance with any representations made concerning the transactions.

**Jupiters Response:**

>Objection.  Jupiter Partners and Palm Beach Finance transactions outside those involving Plaintiff are irrelevant, outside the scope and harassing.  Jupiter Partners and Palm Beach Finance were in the business of land banking transactions, including those completely before and those unrelated to Plaintiff.  As to the Projects with Plaintiff, without waiving the objections, Jupiter Partners and Palm Beach Finance lenders or owners did not get repaid their loans.

**PB Corrected Response:**

>Objection.  Palm Beach Finance LLC transactions outside those involving Palm Beach Finance LLC and Plaintiffs are irrelevant, outside the scope and harassing.  Palm Beach Finance LLC was formed in the State of Florida on February 24, 2006 for the sole purpose of handling on land banking transaction which is the subject of this case.  As to this Project with the Plaintiffs, without waiving the objections, Palm Beach Finance LLC lenders or owners did no get repaid their loans, except for Bernard Naiman who received his entire outstanding principal and accrued interest when he requested it January 2007.  The other Plaintiffs in this matter when offered the same offer and terms rejected the offer and chose to remain lenders.

**Kay and Frankel Response:**  "See response to #6.  The response would require the disclosure of my personal finances.  I did not personally make any representations about the Investments or the Projects."

The objections are overruled.  The Complaint alleges that the defendants represented that they had been involved in other land bank transactions that had performed successfully.  See,

11

e.g., Complaint [Doc. 1-5] at ¶113.  Consequently, the defendants' experiences in other land bank transactions is directly at issue in this case and is relevant.  The inquiry is not harassing.  I disagree, in view of the allegations of the Complaint, that the defendants' experiences in other land banking transactions is either private or confidential, but those concerns may be addressed by responding to the interrogatory subject to the Protective Order [Doc. # 62] that is in place in the case.

In addition, the responses provided by the Jupiter, Palm Beach, Kay, and Frankel are evasive and incomplete.

> **Devendorf & Asso. Response:**  "None, other than professional accounting services for our clients.  Objection to the extent this request seeks information about non-party and clients, including accountant client privilege, which are irrelevant and outside Plaintiffs claims."
>
> **Devendorf Response:**  "None, other than professional accounting services on behalf of the firm for its clients.  Objection to the extent this request seeks information about non-party and clients, including accountant client privilege.  I incorporate the response by my firm."

The plaintiffs do not address Devendorf & Associates and Ms. Devendorf's assertion of privilege with respect to information about their non-party clients.  Those objections are therefore sustained.  Devendorf & Associates and Ms. Devendorf have answered completely that they participated in no land bank transactions.  These may not be the responses the plaintiffs anticipated, and the plaintiffs may not believe the responses are true.  Those are matters to be taken up through evidence at trial, however, and form no basis for an order compelling

discovery.

**PRODUCTION REQUEST NO. 1:** "Produce all documents referenced, identified, or relied upon in your responses to the interrogatories above."

**PRODUCTION REQUEST NO. 2:** "Please produce al notes of any conversations between you and anyone of the Plaintiffs or Defendants."

The plaintiffs complain in the Motion to Compel that they have not received the compact disc referred to in the responses to these requests. I am informed that the disc subsequently was received. There is no evidence to show that there are additional responsive documents. I cannot compel the production of documents that do not exist.

**PRODUCTION REQUEST NO. 3:** "Produce all notes of any communications between you and any of the Plaintiffs or Defendants concerning Projects or Investments."

The defendants state that they have produced all non-privileged documents responsive to the request. There is no evidence establishing the contrary.

The defendants shall prepare and serve on the plaintiffs, on or before November 9, 2010, a privilege log specifying all documents withheld on a claim of privilege.

**PRODUCTION REQUEST NO. 4:** "Produce all returns you filed with any federal, state, or local taxing authority on behalf of yourself from January 1, 2004 to the present or any tax form (such as K-1) that you received during that period."

The defendants object to this request as seeking irrelevant information and as harassing. The plaintiffs respond that the information is relevant to understanding "how Defendants used and treated the funds they received from investors and will further shed light on how Defendants operated their businesses so that Plaintiffs may compare that . . . reality with Defendants' earlier

13

representations on this topic."

The discovery request seeks relevant information to the extent it calls for the production of responsive documents from Jupiter and Palm Beach, and as to them it is not harassing. The issue of how investments/loans were treated by these defendants for tax and accounting purposes is directly relevant to the issues in the case.

**PRODUCTION REQUEST NO. 5:** "Produce all bank and brokerage statements for accounts that relate to the Projects or Investments, including quarterly and annual summaries, generated from January 1, 2004 to the present."

The defendants object to this request as seeking irrelevant information and as harassing. The plaintiffs respond that the information is relevant to "illustrate how Defendants characterized, used, and treated the funds they received from investors and will further shed light on how Defendants operated their land banking business."

The Complaint alleges that loans or investments were made to Jupiter and Palm Beach, but there is no assertion that loaned/invested funds were paid to or received by any other defendant. Consequently, the discovery seeks relevant information only to the extent it calls for the production of unredacted account information from Jupiter and Palm Beach. As to those defendants, the request is not harassing.

**PRODUCTION REQUEST NO. 6:** The Motion to Compel has been withdrawn with respect to Production Request No. 6.

**PRODUCTION REQUEST NO. 9:**

>Produce all documents filed with or submitted to any governmental, administrative or regulatory agency concerning the Projects or Investments, including without limitation, documents that evidence or reflect any transfer or impairment of title of real property, the existence of any security interest in real property, securities registration documents, or other similar documents.

Jupiter and Palm Beach state that they "are producing those in [their] possession custody or control." The plaintiffs appear to abandon the Motion to Compel with respect to this request after the production of the compact disc. Consequently, it appears that all responsive documents have been produced and that this request is no longer at issue.

IT IS ORDERED that the Motion to Compel [Docs. # 81 and 90] are GRANTED IN PART and DENIED IN PART as follows:

(1)   GRANTED to require:

    (a)   Jupiter and Palm Beach to answer Interrogatories No. 4, 6, and 8;

    (b)   Kay and Frankel to answer Interrogatories No. 6 and 8;

    (c)   Jupiter and Palm Beach to produce for inspection and copying all non-privileged documents responsive to Production Requests No. 4 and 5; and

    (d)   The defendants to prepare and serve a privilege log specifying all documents withheld from production on a claim of privilege.

The defendants shall make supplemental discovery responses in full conformity with the formalities of the Federal Rules of Civil Procedure and consistent with this Order on or before **November 9, 2010**; and

15

(2) DENIED in all other respects.

Dated October 26, 2010.

                                                BY THE COURT:

                                                s/ Boyd N. Boland
                                                United States Magistrate Judge