IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Action No. 10-cv-00687-REB-BNB

MARTIN C. GROSS, a Colorado citizen, and
MILFORD S. PEPPER, a Colorado citizen,

    Plaintiffs,

v.

ROBERT SILVERBERG, a Colorado citizen,
HAROLD KAY, a Florida citizen,
EDWARD FRANKEL, a Florida citizen,
DANA DEVENDORF, a Florida citizen,
DEVENDORF & ASSOCIATES, P.A., a Florida professional association,
JUPITER PARTNERS, LLC, a Florida limited liability corporation, and
JUPITER PARTNERS II, LLC, a Florida limited liability corporation,

    Defendants.

## ORDER RE: MOTION TO DISMISS OR IN THE ALTERNATIVE MOTION TO TRANSFER BY THE FLORIDA DEFENDANTS

**Blackburn, J.**

The matter before me is the **Motion To Dismiss or In the Alternative Motion To Transfer by the Florida Defendants** [#14], filed April 12, 2010. I grant the motion to dismiss for lack of proper venue as to plaintiffs' state-law securities claims, as well as their claims for conspiracy, fraud, and negligent misrepresentation. I deny the motion to transfer venue. I grant the motion to dismiss in part and deny it in part.

### I. JURISDICTION

I have subject matter jurisdiction pursuant to 28 U.S.C. § 1332 (diversity of citizenship).

## II.  STANDARD OF REVIEW

A motion to dismiss based on a forum selection clause is analyzed frequently as a motion to dismiss for improper venue under Fed.R.Civ.P. 12(b)(3).  **Riley v. Kingsley Underwriting Agencies, Ltd.**, 969 F.2d 953, 956 (10th Cir. 1992).  Regardless where venue might properly lie under the federal venue statute,[1] when the parties have contracted for venue in a particular forum, their agreement is paramount.  "Forum selection provisions are prima facie valid and a party resisting enforcement carries a heavy burden of showing that the provision itself is invalid due to fraud or overreaching or that enforcement would be unreasonable and unjust under the circumstances."  *Id.* at 957 (internal quotation marks omitted).  Where venue in the filing district is found to be improper, the court "shall dismiss, or if it be in the interest of justice, transfer such a case" to a district in which venue properly lies.  28 U.S.C. § 1406(a).  The decision to either dismiss or transfer the case is committed to my sound discretion.  **Keaveney v. Larimer**, 2000 WL 1853994 at *1 (10th Cir. Dec. 19, 2000).

Alternatively, section 1404(a) contemplates that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil

---

[1]  The statute generally provides that

> [a] civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a).

action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The district court is vested with considerable discretion in determining whether transfer is appropriate. *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1515 (10th Cir. 1991). The movant bears the burden of establishing that the existing forum is sufficiently inconvenient to warrant transfer. *Id*. This is a heavy burden, *Texas Gulf Sulphur Co. v. Ritter*, 371 F.2d 145, 148 (10th Cir. 1967), "'and unless the balance is strongly in favor of the movant the plaintiff's choice of forum should rarely be disturbed,'" *Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992); *see also Cargill Inc. v. Prudential Insurance Co. of America*, 920 F.Supp. 144, 146 (D. Colo. 1996).

Defendants also move to dismiss plaintiffs' Fifth, Sixth, Seventh, and Eighth Claims for Relief pursuant to Fed.R.Civ.P. 12(b)(6). When ruling on a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), I must determine whether the allegations of the complaint are sufficient to state a claim within the meaning of Fed.R.Civ.P. 8(a). I must accept all well-pleaded allegations of the complaint as true. *McDonald v. Kinder-Morgan, Inc.*, 287 F.3d 992, 997 (10th Cir. 2002). "However, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Fernandez-Montes v. Allied Pilots Association*, 987 F.2d 278, 284 (5th Cir. 1993); *see also Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002) ("All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true."), *cert. denied*, 123 S.Ct. 1908 (2003).

I review the complaint to determine whether it "'contains enough facts to state a claim to relief that is plausible on its face.'" **Ridge at Red Hawk, L.L.C. v. Schneider**, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting **Bell Atlantic Corp. v. Twombly**, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007)).  "Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." **Id.** (emphases in original).[2]  Nevertheless, the standard remains a liberal one, and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." **Dias v. City and County of Denver**, 567 F.3d 1169, 1178 (10th Cir. 2009) (quoting **Twombly**, 127 S.Ct. at 1965) (internal quotation marks omitted).

---

[2]  **Twombly** rejected and supplanted the "no set of facts" language of **Conley v. Gibson**, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).  The Tenth Circuit clarified the meaning of the "plausibility" standard:

> "plausibility" in this context must refer to the scope of the allegations in a complaint:  if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs "have not nudged their claims across the line from conceivable to plausible."  The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief.
>
> This requirement of plausibility serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them.  "Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests."

**Robbins v. Oklahoma**, 519 F.3d 1242, 1247-48 (10th Cir. 2008) (quoting **Twombly**, 127 S.Ct. at 1974; internal citations and footnote omitted).

### III. ANALYSIS

The facts of this case are known to the parties and need not be repeated at length here. Plaintiffs, on behalf of themselves and as assignees of the rights of several other Colorado residents, collectively invested some $1.4 million with defendants to purchase, improve, and resell land in Florida, Nevada, and Arizona. Defendants failed to repay the investments, and this lawsuit ensued. Plaintiffs' first four claims for relief allege various violations of the Colorado Securities Act, including a conspiracy to violate the Act. The remaining four claims are for common law fraud, negligent misrepresentation, civil theft, and breach of fiduciary duty.

The investments were evidenced by promissory notes, each of which contain an identical forum selection clause:

> This Note shall be construed in accordance with the laws of the State of Florida with exclusive venue and jurisdiction in Palm Beach County, Florida.

(**See Def. Motion** App. Exh. 2.) Defendants maintain that, by virtue of this clause, this case should be dismissed pursuant to Fed.R.Civ.P. 12(b)(3) or, alternatively, transferred to the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. § 1404(a).[3] I note, however, that when a forum selection clause specifies venue in a particular county, venue lies only in the state courts of that county. **Excell, Inc. v. Sterling Boiler & Mechanical, Inc.**, 106 F.3d 318, 321 (10th Cir. 1997). Accordingly, to the extent the forum selection clause applies, I am constrained to dismiss. **See**

---

[3] Although defendants invoke *forum non conveniens*, that doctrine patently is not applicable to the facts of this case. **See American Dredging Co. v. Miller**, 510 U.S. 443, 449 n.2, 114 S.Ct. 981, 986 n.2, 127 L.Ed.2d 285 (1994) (modern *forum non conveniens* doctrine applies only when the alternative forum is abroad).

***Quarles v. United States ex rel. Bureau of Indian Affairs*** 2006 WL 2645131 at *3 (N.D. Okla. Sept. 12, 2006) (federal court has no authority to transfer venue to state court).  ***See also Langley v. Prudential Mortgage Capital Co.***, 546 F.3d 365, 371 n.2 (6th Cir. 2008) ("[I]f transfer is not possible because a valid forum-selection clause mandates venue in state court or a foreign jurisdiction, § 1404(a) does not apply.")

Although plaintiffs studiously avoid more than passing reference to the promissory notes in framing their claims, there is no dispute that the notes are the relevant evidence of the fact and nature of their investments.  The forum selection clause is, indeed, as plaintiffs argue, narrowly confined to disputes affecting construal of the notes.  Nevertheless, in order to determine whether plaintiffs' securities fraud claims, including the alleged conspiracy to violate the Colorado state securities laws, have merit, the court must consider in the first instance whether their investments were, in fact, securities or, alternatively, evidence some other type of obligation.  ***See Reves v. Ernst & Young***, 494 U.S. 56, 60-65, 110 S.Ct. 945, 949-951, 108 L.Ed.2d 47 (1990).  Such an undertaking perforce requires construal of the notes, and, thus, clearly comes within the purview of the forum selection clause despite its limited scope.

In addition, plaintiffs' claims for common law fraud and negligent misrepresentation are premised in part on the allegation, common to each investment described in the complaint, that defendants failed to inform plaintiffs of various material facts, "including without limitation, the fact[] that the investment contracts were securities that were required to be registered under state and federal law . . ." (**See Complaint** ¶ 72 at 7-8, ¶ 79 at 8, ¶ 101 at 10, ¶ 116 at 11, ¶ 140 at 14, ¶ 167 at 16.)

Determination whether this alleged omission was material is central to these claims. *See Briggs v. American National Property and Casualty Co.*, 209 P.3d 1181, 1186-87 (Colo. App. 2009). If the notes were not, in fact, securities, then the omission of that information cannot have been false or materially misleading, and defendants cannot have been negligent or committed fraud in failing to disclose it. Making that determination will require construal of the notes. Thus, and although this omission is but one among several allegedly false misrepresentations and misleading omissions made in connection with the deals, its presence in the mix implicates the forum selection clause.

Because the language of the forum selection clause is clear and mandatory, plaintiffs can avoid it only by demonstrating that it is "unfair or unreasonable." *Excell*, 106 F.3d at 321. *See also Riley*, 969 F.2d at 958 ("Only a showing of inconvenience so serious as to foreclose a remedy, perhaps coupled with a showing of bad faith, overreaching or lack of notice, would be sufficient to defeat a contractual forum selection clause."). However, they present no argument or evidence related or relevant to this inquiry. Accordingly, the motion to dismiss plaintiffs' claims for violation of the Colorado securities statutes, conspiracy to violate the securities laws, fraud, and negligent misrepresentation for lack of proper venue will be granted.[4]

Plaintiffs' remaining state common law claims, however, do not implicate construal of the terms of the notes. Plaintiffs' claim for civil theft is based simply on the

---

[4] Plaintiffs do not dispute defendants' arguments that defendants who were not signatories to the notes are entitled to the benefit of the forum selection clauses therein. Nor could they. *See Gonzalez v. Watermark Realty Inc.*, 2010 WL 1299740 at *4 (S.D. Fla. March 30, 2010) ("Plaintiff cannot now vitiate the forum selection clause against parties he claims are non-signatories, when he himself agreed to the forum-selection clause.").

7

allegation that defendants obtained control over plaintiffs' investment, *i.e.*, their money, with the intent to permanently deprive plaintiffs of same. Their claim for breach of fiduciary duty against defendant Silverberg is premised not on any alleged statements or omissions made by him in securing the notes, but on the allegation that he invested plaintiffs' money in a manner inconsistent with fiduciary duties that are not rooted in the notes themselves.[5] Therefore, I turn to defendants' Rule 12(b)(6) motion regarding these remaining claims.

Defendants maintain that plaintiffs' claim for civil theft should be dismissed pursuant to the economic loss rule. Under both Colorado and Florida law,[6] the economic loss rule prevents a party from recovering in tort for a mere breach of the contract. **See Auto-Owners Insurance Co. v. Ace Electrical Service, Inc.**, 648 F.Supp.2d 1371, 1381 & n.6 (M.D. Fla. 2009); **Town of Alma v. Azco Construction, Inc.**, 10 P.3d 1256, 1264 (Colo. 2000). Stated differently, the failure to perform a contract does not give rise to liability in tort.

Nevertheless, courts in Colorado and Florida recognize that, even where a contract forms the basis of the parties' relationship, there exist duties independent of the

---

[5] It does not appear that plaintiffs are asserting that Silverberg owed them fiduciary duties as a securities broker. If such were the case, this claim also might be subject to dismissal under the economic loss rule. **See Interstate Securities Corp. v. Hayes Corp.**, 920 F.2d 769, 777 (11th Cir. 1991) (because the relationship which gives rise to the fiduciary duty between a broker and his client "does not arise unless the parties have entered into a contract involving the trade of securities," claim for breach of fiduciary duty in those circumstances is dependent on existence of contract, and thus barred by economic loss rule).

[6] Because the parties have not adequately raised or briefed the issue, I do not here engage in a choice of law analysis to determine which forum's law should govern resolution of the issues implicated by these claims. For present purposes, it matters not at all which state's law governs. Colorado and Florida court's interpretations of the economic loss rule under their respective state's common law are coextensive. As for the motion to dismiss plaintiffs' breach of fiduciary duty claim, resolution of that issue is controlled by federal procedural law.

contract, the breach of which is not within the ambit of the economic loss rule. ***PNC Bank, National Association v. Colonial Bank, N.A.***, 2008 WL 2917639 at *2 (M.D. Fla. July 24, 2008) (citing ***Indemnity Insurance Co. of North America v. American Aviation, Inc.***, 891 So.2d 532, 537 (Fla. 2004)); ***Town of Alma***, 10 P.3d at 1263.  A claim is considered independent when two conditions are satisfied:  (1) "the duty must arise from a source other than the relevant contract;" and (2) "the duty must not be a duty also imposed by the contract." ***Haynes Trane Service Agency, Inc. v. American Standard, Inc.***, 573 F.3d 947, 962 (10th Cir. 2009) (citing Colorado cases); ***see also Interstate Securities Corp. v. Hayes Corp.***, 920 F.2d 769, 773 (11th Cir. 1991) (parties may recover tort damages only if conduct establishes a tort distinguishable from or independent of contract) (citing ***AFM Corp. v. Southern Bell Telephone & Telegraph. Co.***, 515 So.2d 180 (Fla. 1987)).  Application of the rule, thus, depends on the particular facts of each case, and no type of claim is categorically exempt. ***See Makoto USA, Inc. v. Russell***, – P.3d –, 2009 WL 4069579 at *2 (Colo. App. Nov. 25, 2009).

Plaintiffs' claim for civil theft, although somewhat vaguely pled, clearly must be based on plaintiffs' failure to receive the benefit of the bargain for which they contracted.[7] Nothing in the complaint's lengthy recitation of facts suggests that defendants obtained from plaintiffs anything other than the money that was to be

---

[7] Although plaintiffs refer to this claim in their response as one for conversion, it is not thus pled. **See Lariviere, Grubman & Payne, LLP v. Phillips**, 2008 WL 4097466 at *6 (D. Colo. Sept. 4, 2008) (noting differences between common law claim of conversion and claim of civil theft under §18-4-401, C.R.S.; noting particularly that civil theft requires proof that defendant "knowingly obtain[ed] or exercise[d] control over anything of value of another *without authorization*") (emphasis supplied). **Cf. Complaint ¶** 235 at 22 [#1-6], filed March 24, 2010) (alleging that defendants obtained control over plaintiffs' property without authorization).  Regardless how pled, however, the claim runs afoul of the economic loss rule and must be dismissed.

9

invested in the properties or that defendants failed to return to plaintiffs anything other than the payments contemplated by the notes. This claim, thus, is not independent of the contract, because the source of the alleged duty is one also imposed by the contract. **Haynes Trane Service Agency, Inc.**, 573 F.3d at 962; **Interstate Securities Corp.**, 920 F.2d at 773. Accordingly, the motion to dismiss that claim under Rule 12(b)(6) will be granted.

Finally, defendants move to dismiss plaintiff's Eighth Claim for Relief as failing to assert sufficient facts to make out a plausible breach of fiduciary duty claim against defendant Silverberg. "A fiduciary relation exists between two persons when one of them is under a duty to act for or to give advice for the benefit of another upon matters within the scope of the relation." **Moses v. Diocese of Colorado**, 863 P.2d 310, 321 (Colo. 1993) (quoting **RESTATEMENT (SECOND) OF TORTS** § 874 cmt. a (1979)) (internal quotation marks omitted), **cert. denied**, 114 S.Ct. 2153 (1994). Although mere friendship typically is not a fiduciary relationship, **see Duncan v. Bush**, 1993 WL 207442 at *2 (10th Cir. June 10, 1993); **Equitex, Inc. v. Ungar**, 60 P.3d 746, 752 (Colo. App. 2002), a fiduciary duty may arise from such a relationship where one party takes advantage of its superior position to the detriment of the other, **see Moses**, 863 P.3d at 322 (citing Stuart M. Speiser et al., **The American Law of Torts**  § 36:81 (1983)).

Plaintiffs allege that they reposed especial confidence and trust in Silverberg because he was a friend of more than 50 years and was known to them to have "a substantial and sophisticated understanding of investment, securities, and financial matters." (**Complaint** ¶ 53 at 6 [#1-5], filed March 24, 2010.) Given that allegation, I

cannot say that plaintiffs have not asserted a plausible, if perhaps thin, claim for breach of fiduciary duty. **See Dias**, 567 F.3d at 1178 ("[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely.") (quoting **Twombly**, 127 S.Ct. at 1965) (internal quotation marks omitted). For that reason, the motion to dismiss the breach of fiduciary duty claim must be denied.

Because I have disposed of all claims implicating all defendants other than Silverberg, the question arises again whether that claim may be transferred pursuant to 28 U.S.C. § 1404(a). Factors that bear on the analysis include:

> the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and, all other considerations of a practical nature that make a trial easy, expeditious and economical.

**Chrysler Credit Corp.**, 928 F.2d at 1516 (quoting **Texas Gulf Sulphur Co.**, 371 F.2d at 147 (10th Cir. 1967)). Defendants' motion is woefully inadequate to sustain their substantial burden of proving that the balance of inconvenience weighs in favor of transfer. **See id**. at 1515.

Defendants rely primarily on the location of witnesses and documents in support of their motion to transfer. The location of documents is typically afforded little weight in the analysis unless the volume of documents is so substantial that transporting them

outside a party's home forum would be difficult. *See Gardipee v. Petroleum Helicopters, Inc.*, 49 F.Supp.2d 925, 931 (E.D. Tex. 1999). No such showing has been made here. The location of key witnesses, by contrast, is often a determinative factor in the analysis. However, the movant must set forth the identity and proposed testimony of any such witnesses in order to allow the court to determine whether the witnesses' testimony is in fact material. *See Texas Gulf Sulphur Co.*, 371 F.2d at 148. The movant, thus, will not carry its burden simply by making conclusory assertions about the inconvenience of witnesses. *Id*. The affidavit appended to defendants' motion states nothing more than that unspecified witnesses associated with defendants are located in Florida. Such vague, generalized averments are insufficient to sustain defendants' heavy burden of demonstrating that transfer is warranted under section 1404(a).

Ultimately, a transfer of this remaining claim would do little more than shift the balance of inconvenience from Silverberg to plaintiffs. Transfer is not appropriate under such circumstances. *See Metabolite Laboratories, Inc. v. AmerisourceBergen Corp.*, 2005 WL 2105035 at *4 (D. Colo. Aug. 30, 2005).

**THEREFORE, IT IS ORDERED**, as follows:

1. That the **Motion To Dismiss or In the Alternative Motion To Transfer by the Florida Defendants** [#14], filed April 12, 2010, is **GRANTED IN PART** and **DENIED IN PART** as follows:

    a. That the motion to dismiss for improper venue pursuant to Fed.R.Civ.P. 12(b)(3) is **GRANTED** with respect to plaintiffs' First, Second, Third, Fourth, Fifth, and Sixth claims for relief, and those claims are **DISMISSED WITHOUT**

**PREJUDICE**;

    b. That the motion to transfer pursuant to 28 U.S.C. § 1404(a) and under the doctrine of *forum non conveniens* is **DENIED**; and

    c. That the motion to dismiss for failure to state a claim on which relief may be granted pursuant to Fed.R.Civ.P. 12(b)(6) is **GRANTED IN PART** and **DENIED IN PART** as follows:

        (1). That the motion is **GRANTED** with respect to plaintiffs' Seventh Claim for Relief for civil theft, and that claim is **DISMISSED WITH PREJUDICE**; and

        (2). That in all other respects, the motion is **DENIED**;

2. That at the time judgment enters, judgment **SHALL ENTER** as follows:

    a. On behalf of defendants, Robert Silverberg, Harold Kay, Edward Frankel, Dana Devendorf, Devendorf & Associates, P.A., Jupiter Partners, LLC, and Jupiter Partners II, LLC, and against plaintiffs, Martin C. Gross and Milford S. Pepper, as to plaintiffs' First, Second, Fourth, Fifth, and Sixth Claims for Relief; provided, that the judgment as to these claims **SHALL BE** without prejudice;

    b. On behalf of defendants, Devendorf & Associates, P.A., Jupiter Partners, LLC, and Jupiter Partners II, LLC, and against plaintiffs, Martin C. Gross and Milford S. Pepper, as to plaintiffs' Third Claim for Relief; provided, that the judgment as to this claim **SHALL BE** without prejudice;

    c. On behalf of defendants, Robert Silverberg, Harold Kay, Edward Frankel, Dana Devendorf, Devendorf & Associates, P.A., Jupiter Partners, LLC,

and Jupiter Partners II, LLC, and against plaintiffs, Martin C. Gross and Milford S. Pepper, as to plaintiffs' Seventh Claim for Relief; provided, that the judgment as to this claim **SHALL BE** with prejudice; and

3.  That defendants, Harold Kay, Edward Frankel, Dana Devendorf, Devendorf & Associates, P.A., Jupiter Partners, LLC, and Jupiter Partners II, LLC, are **DROPPED** as named parties to this action, and the case caption **AMENDED** accordingly.

Dated December 13, 2010, at Denver, Colorado.

**BY THE COURT:**

/s/ Bob Blackburn
Robert E. Blackburn
United States District Judge