IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Action No. 10-cv-00687-REB-BNB

MARTIN C. GROSS, a Colorado citizen, and
MILFORD S. PEPPER, a Colorado citizen,

    Plaintiffs,

v.

ROBERT SILVERBERG, a Colorado citizen,

    Defendant.

## ORDER DENYING MOTION FOR ATTORNEY FEES AND COSTS

**Blackburn, J.**

The matter before me is the **Florida Defendants Motion for Attorney Fees and Costs** [#126][1] filed January 7, 2011.  I deny the motion on both procedural and substantive grounds.

Defendants seek attorney fees pursuant to §13-17-201, C.R.S.,[2] which provides for an award of "reasonable" attorney fees "[i]n all actions ... occasioned by the tort of any other person, where any such action is dismissed on motion of the defendant prior to trial under rule 12(b) of the Colorado rules of civil procedure."  Under this statute, attorney fees are "mandatory" "whenever an entire tort action is dismissed prior to trial

---

    [1] "[#126]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

    [2] Although defendants also invoke the civil theft statute as a basis for an award of attorney fees, they offer no rebuttal to plaintiffs' suggestion that attorney fees are available thereunder only to the owner of the subject property.  *See* §18-4-405, C.R.S. ("In any such action, *the owner* may recover two hundred dollars or three times the amount of the actual damages sustained by him, whichever is greater, and *may also recover costs of the action and reasonable attorney fees*.") (emphases added).

pursuant to a [12(b) ] motion." ***Sweeney v. UA Theater Circuit***, 119 P.3d 538, 541 (Colo. App. 2005).

Procedurally, defendants' motion is deficient in that it fails to comply with D.C.COLO.LCivR 54.3, which provides:

> A. **Motion Supported by Affidavit**. Unless otherwise ordered by the court, a motion for attorney fees shall be supported by one or more affidavits.
>
> B. **Content of Motion**. A motion shall include the following for each person for whom fees are claimed:
>
>   1. a detailed description of the services rendered, the amount of time spent, the hourly rate, and the total amount claimed; and
>
>   2. a summary of relevant qualifications and experience.

Defendants' motion fails to address and satisfy these requirements.

Defendants point to the comments to Fed. R. Civ. P. 54, which provide that the federal rule "does not require the that motion be supported at the time of filing with the evidentiary material bearing on the fees." They apparently failed to read the entirety of those comments, which go on to state that the materials "must of course be submitted in due course, according to such schedule as the court may direct . . .", and further note that Rule 54(b)(2)(D) "explicitly authorizes the court to establish procedures facilitating the efficient and fair resolution of fee claims." D.C.COLO.LCivR 54.3 establishes such procedures, which defendants have failed to satisfly. Their request for attorney fees may be denied on this basis alone.

Moreover, and substantively, I find and conclude that defendants are not entitled

to attorney fees. The Tenth Circuit has held that, although "[s]ection 13-17-201 expressly applies only to actions dismissed under Rule 12(b) of the Colorado Rules of Civil Procedure[,] . . . the statute applies with equal force when a federal court dismisses a pendent state tort *pursuant to Fed.R.Civ.P. 12(b)(6)*." **Jones v. Denver Post Corp.**, 203 F.3d 748, 757 n.6 (10th Cir. 2000) (emphasis added).[3] The majority of plaintiffs' claims against defendants, however, were not dismissed for failure to state a claim pursuant to Rule 12(b)(6), but rather for improper venue pursuant to Rule 12(b)(3). Although Rule 12(b) of the Colorado Rules of Civil Procedure contains a provision analogous to Fed.R.Civ.P. 12(b)(6), it does not address claims dismissed for improper venue. The rule specifically references the Colorado rule, and defendants cite no case, and this court has found none, in which attorney fees have been awarded under §13-17-201, C.R.S., based on a dismissal under Fed.R.Civ.P. 12(b)(3). I decline to so hold, and, thus, also deny defendants' motion for attorney fees on substantive grounds.

Nor are defendants entitled to costs pursuant to Rule 54(d), which provides for an award of costs to a "prevailing party." The Tenth Circuit has held that a party is a "prevailing party" when the claims against it are voluntarily dismissed, regardless whether such dismissal is with or without prejudice.[4] **Cantrell v. International Brotherhood of Electrical Workers, AFL-CIO, Local 2021**, 69 F.3d 456, 458 (10th Cir.

---

[3] Although later opinions invoking **Jones** have shortened the citation to simply "Rule 12(b)," those cases likewise involved claims dismissed for failure to state a claim under Rule 12(b)(6). **See, e.g.**, **Silver v. Primero Reorganized School District No. 2**, 2008 WL 280847 at *1 (D. Colo. Jan. 30, 2008); **Graymore, LLC v. Gray**, 2007 WL 4062706 at *4 (D. Colo. Nov. 15, 2007).

[4] In other circuits, the rule is to the contrary, and a defendant who secures only a dismissal without prejudice is not considered a "prevailing party" for purposes of an award of costs under Rule 54(d). **See, e.g.**, **Dattner v. Conagra Foods, Inc.**, 458 F.3d 98, 103 (2nd Cir. 2006); **Szabo Food Service Inc. v. Canteen Corp.**, 823 F.2d 1073, 1076-77 (7th Cir. 1987), **cert. dismissed**, 108 S.Ct. 1101 (1988).

1995) (en banc). Although this circumstance creates a presumption in favor of an award of costs, a district court retains discretion to deny such an award for valid reasons. ***Id.*** at 458-59. These include, *inter alia*, that the prevailing party was only partially successful, that any damages were nominal, or that the costs are unreasonably high or unnecessary. ***Id.*** at 459.

Here, defendants succeeded in dismissing only one of plaintiffs' myriad claims on the merits. The remainder of the claims will be refiled in Florida. (***See* Plaintiffs' Unopposed Motion for Transfer of Venue** [#130] filed January 19, 2011.) Moreover, without having seen the actual billing records, it nevertheless appears to this court that the estimated $ 37,125 in costs defendants claim in this case is unreasonably high in the circumstances of the case.

**THEREFORE, IT IS ORDERED** that the **Florida Defendants Motion for Attorney Fees and Costs** [#126] filed January 7, 2011, is **DENIED**.

Dated February 22, 2011, at Denver, Colorado.

                **BY THE COURT:**

                *Bob Blackburn*
                Robert E. Blackburn
                United States District Judge